IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANNY VAZQUEZ, | Civil No. 3:21-cv-1928 |
| Petitioner | (Judge Mariani) |
| v. | |
| THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, WARDEN OF SCI-DALLAS, | |
| Respondents | |

## MEMORANDUM

Petitioner Danny Vazquez ("Vazquez") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a judgment and conviction imposed in the Court of Common Pleas of Lebanon County, Pennsylvania. (Doc. 1). For the reasons discussed below, the Court will dismiss the petition as untimely.

### I.   Background

On July 6, 2015, Vazquez entered a plea of guilty to possession of a controlled substance, possession with intent to deliver a controlled substance, possession of drug paraphernalia, and tampering with or fabricating physical evidence. *See Commonwealth v. Vazquez*, https://ujsportal.pacourts.us, electronic docket number CP-38-CR-0001409-2013. On October 19, 2016, the trial court sentenced Vazquez to an aggregate term of five to sixteen years in prison. *See id.* Vazquez filed a motion for reconsideration, which the trial court denied on December 6, 2016. Vazquez did not file a direct appeal.

On August 2, 2017, Vazquez filed a timely petition for post-conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46. (Doc. 15-8). Vazquez filed amendments to his PCRA petition on June 25, 2018, November 19, 2018, and December 7, 2018. (Docs. 15-11, 15-12, 15-14). On March 22, 2019, the PCRA court denied the petition. (Doc. 15-17). Vazquez filed an appeal to the Pennsylvania Superior Court. On June 12, 2020, the Superior Court affirmed the PCRA court's denial of the petition. *Commonwealth v. Vazquez*, 2020 WL 3125325, 237 A.3d 1055 (Table) (Pa. Super. 2020). Vazquez did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On July 21, 2020, Vazquez filed his second PCRA petition. (Doc. 15-23). On July 30, 2020, the PCRA court denied the petition as untimely. (Doc. 15-24). Vazquez filed an appeal to the Pennsylvania Superior Court. On February 23, 2021, the Superior Court affirmed the PCRA court's denial of the petition. *Commonwealth v. Vazquez*, 2021 WL 688798, 249 A.3d 1178 (Table) (Pa. Super. 2021). On October 18, 2021, the Pennsylvania Supreme Court denied Vazquez's petition for allowance of appeal. *Commonwealth v. Vazquez*, 306 MAL 2021, 265 A.3d 193 (Table) (Pa. 2021).

On or about November 15, 2021, Vazquez filed the instant federal habeas petition. (Doc. 1). On April 11, 2022, Respondents filed a response arguing, *inter alia*, that the petition must be dismissed as untimely. (Doc. 13). The petition is ripe for resolution.

## II. Discussion

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). See 28 U.S.C. § 2244(d)(1). Specifically, a state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28. U.S.C. § 2244(d); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001).

Here, the judgment of sentence became final on January 5, 2017, thirty days after the trial judge denied Vazquez's motion for reconsideration, because a direct appeal was not filed. See PA. R. APP. P. 903(a) ("[T]he notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken."). Thus, Vazquez had one year after his sentence became final to file his federal habeas petition. The AEDPA statute of limitations under § 2254(d)(1)(A) expired on January 5, 2018. However, Vazquez did not file the instant petition until November 15, 2021, nearly four years after the expiration of the statute of limitations. Therefore, the instant petition must be dismissed unless the statute of limitations was subject to statutory or equitable tolling.

### A. Statutory Tolling

Pursuant to 28 U.S.C. § 2244, the running of the limitation period is suspended for the period of time when properly filed state post-conviction proceedings are pending in any state court. See 28 U.S.C. § 2244(d)(2). Here, the statute of limitations began running on January 5, 2017 and, absent any tolling, would expire on January 5, 2018. However,

4

pursuant to 28 U.S.C. § 2244(d)(2), when Vazquez filed his first PCRA petition on August 2, 2017, the AEDPA's filing period was statutorily tolled. At this point, the AEDPA clock ran for 209 days, with 156 days of the one-year filing period remaining. The statute remained tolled until July 13, 2020, after the expiration of the thirty-day time period to file a petition for allowance of appeal with the Pennsylvania Supreme Court. On July 13, 2020, the statute began running again, and the 156 days remaining in which to file his federal petition expired on December 16, 2020.

During that time, on July 21, 2020, Vazquez filed a second PCRA petition. The state courts found the petition to be untimely. An untimely PCRA petition is not considered "properly filed" and, therefore, does not toll the statute of limitations. *See Pace v. Diguglielmo*, 544 U.S. 408, 417 (2005) (holding that "[b]ecause the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2254(d)(2)."). *See also See Merritt v. Blaine*, 326 F.3d 157, 161-68 (3d Cir. 2003). Thus, the second PCRA petition filed on July 21, 2020 does not further toll the federal statute of limitations.

As a result, absent equitable tolling or the applicability of the actual innocence exception, Vazquez's federal habeas petition filed on November 15, 2021, is almost one year late.

**B.     Equitable Tolling**

Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. *See Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006); *LaCava v. Kyler*, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. *See Merritt*, 326 F.3d at 168. Generally, a litigant seeking equitable tolling must establish the following two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418.

With respect to the diligent pursuit of rights, petitioner must demonstrate that he or she exercised reasonable diligence in investigating and bringing the claims. *See Robinson v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. *See LaCava*, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to

preserve a claim. *See Jones*, 195 F.3d at 159; *Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005).

Additionally, the Supreme Court has recognized that a credible showing of actual innocence may allow a petitioner to pursue the merits of his § 2254 petition notwithstanding the existence of "a procedural bar . . . or . . . expiration of the statute of limitations" under the miscarriage of justice exception. *See McQuiggin v. Perkins*, 569 U.S. 383 386 (2013). Such claims, however, are "rarely successful." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). To prevail under this standard, a petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in the light of new evidence." *See id.* at 327. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *See id.* at 316.

In the instant case, Vazquez fails to present sufficient evidence to account for his delay in seeking federal habeas relief from this Court. Moreover, Vazquez does not indicate that extraordinary circumstances obstructed his pursuit of such relief. Finally, Vazquez advances no claim of actual innocence or the discovery of new evidence that would support such a finding. Even more compelling is that Vazquez pled guilty to possession of a controlled substance, possession with intent to deliver a controlled substance, possession of drug paraphernalia, and tampering with or fabricating physical evidence. Any claim of

actual innocence is belied by Vazquez's admission of guilt. *See, e.g.*, *Woldsmit v. Mooney*, 2016 WL 2940449, at *4 (E.D. Pa. Mar. 8, 2016), *report and recommendation adopted*, 2016 WL 2897412 (E.D. Pa. May 18, 2016) (noting that courts have rejected actual innocence where the petitioner pled guilty to the offense); *Williams v. Holland*, 2014 WL 1385192, at *4 (E.D. Ky. Apr. 9, 2014) (rejecting petitioner's actual innocence claims based on *McQuiggin* where he pled guilty to the offenses). Accordingly, the Court concludes that there is no basis for the limitations period to be equitably tolled in this matter.

## III. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). As the Supreme Court has explained,

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Vazquez failed to demonstrate that a certificate of appealability should issue.

## IV. Conclusion

The Court will dismiss Vazquez's application (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 as untimely, and a certificate of appealability will not issue. A separate Order shall issue.

                                        Robert D. Mariani
                                        United States District Judge

Dated: April 25, 2022